In the Matter of LEONARD WEBER and SHELDON M. WEISS, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— On the court's own motion, the decision [26 A D 2d 565] and order herein, both dated June 13, 1966, are amended so as to provide that the one-year period of respondents' suspension from the practice of law shall commence on November 5, 1966, instead of commencing 30 days after entry of said order. Beldock, P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

STAVROULA N. ARVANITAKIS et al., Respondents, v. REALTY EQUITIES — 1961 CORPORATION, Appellant.— In a negligence action to recover damages for personal injury, medical expenses and loss of services, defendant appeals from an order of the Supreme Court, Queens County, entered May 23, 1966, which denied its motion to dismiss the complaint for lack of prosecution. Order reversed, without costs, defendant's motion granted; and complaint dismissed, without costs. Pursuant to CPLR 3216 a notice was served upon plaintiffs demanding that within 45 days thereafter they file a note of issue. Plaintiffs failed to comply with the demand and have not presented a justifiable excuse for the delay (*Forte* v. *Staples Constr. Co.,* 20 A D 2d 562; cf. *Green* v. *Long Is. School of Aeronautics,* 12 A D 2d 640) ; nor have they submitted the required affidavit of merits in opposition to the motion (*Keating* v. *Smith,* 20 A D 2d 141). Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

In the Matter of EVELYN ERIKSTAD, as Administratrix of the Estate of KASTBERG ERIKSTAD, Deceased, Appellant, v. MCALLISTER BROTHERS, INC., Respondent.— In a special proceeding pursuant to CPLR 3102, subdivision (c), petitioner appeals from so much of an order of the Supreme Court, Kings County, entered June 8, 1966, as limited examination of respondent McAllister Brothers, Inc., to the captain of the tug "Steven McAllister" as of the date petitioner's decedent fell from the tug and drowned. Order affirmed, with $10 costs and disbursements. Under the facts disclosed in the record, the Special Term properly exercised its discretion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.